UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
UNITED STATES OF AMERICA

**MEMORANDUM & ORDER**

-against-

06 CR 00616 (RJD)

KARUNAKARAN KANDASAMY *et al.*,

Defendants.
-------------------------------------------------X

DEARIE, Chief Judge.

Defendant Karunakaran Kandasamy moves to quash the government's grand jury subpoena seeking information regarding the payment of defendant's legal fees. For the reasons set forth below, the Court denies defendant's motion.

## BACKGROUND

Defendant is charged with the provision of material support to a foreign terrorist organization, the Liberation Tigers of Tamil Eelam ("LTTE"). The grand jury has subpoenaed defendant's counsel, Charles A. Ross & Associates, LLC, for documents relating to the individuals and entities who are paying defendant's legal fees. The materials requested include copies of checks, receipts, and correspondence relating to these fees.

In his submission dated July 11, 2008, defendant moves to quash the subpoena. In the alternative, he proposes the materials be provided to the Court for *in camera* review before a determination of the appropriateness of the grand jury's demand. Finally, defendant's counsel consents to a hearing pursuant to United States v. Curcio, 680 F.2d 881 (2d Cir. 1982), in order to determine whether a conflict of interest exists with respect to defense counsel's representation

of defendant.

By letter dated August 1, 2008, the government opposed defendant's motion to quash, and defendant replied by letter dated August 6, 2008.

## DISCUSSION

### A. Grand Jury Subpoena

Defendant argues that the requested materials are irrelevant to the charges in this case, and that the government should be required to provide a basis upon which it believes the information sought is relevant to prove an element of the charged crime. Under the criteria for the enforcement of pre-trial subpoenas in criminal matters set forth in United States v. Nixon, 418 U.S. 683 (1974), a showing of relevancy is indeed required.

Defendant's motion, however, relates to a grand jury subpoena issued in an ongoing investigation. In United States v. R. Enters., Inc., 498 U.S. 292 (1991), the Supreme Court articulated an entirely different standard for the enforcement of such subpoenas, under which the government is not obligated to demonstrate the relevancy of the materials or information requested. The Supreme Court declared that the "law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority." Id. at 300. The burden thus falls squarely on the defendant, not the government, to show that a grand jury subpoena is unreasonable. Id. at 301 (". . . [A] grand jury subpoena issued through the normal channels is presumed to be reasonable, and the burden of showing unreasonableness must be on the recipient who seeks to avoid compliance."). Moreover, when the party challenging a grand jury subpoena asserts that the subpoena is unreasonable on grounds of irrelevancy, the "motion to

quash must be denied unless the district court determines that there is no reasonable possibility that the category of materials the Government seeks will produce information relevant to the general subject of the grand jury's investigation." Id.

Defendant fails to meet this demanding burden. This investigation, which has already spawned a series of indictments, focuses on allegations of material support to an international terrorist organization, including the use of money laundering and other complex financial transactions. In light of this comprehensive inquiry, there is certainly, at the very least, a reasonable possibility that the details surrounding the payment of defendant's fees could prove highly relevant. Accordingly, defendant's motion to quash is denied.

B. *In Camera* Proceedings

In lieu of providing the subpoenaed materials to the government, defendant proposes to provide them to the Court *in camera*. The "decision whether to engage in *in camera* review rests in the sound discretion of the district court," United States v. Zolin, 491 U.S. 554, 572 (1989), and, as defendant has noted, such review is certainly appropriate "where it is unclear what privileges may be implicated by the disclosure of material." Def.'s Mot. 9.
See, e.g., Estate of Fisher v. Commissioner, 905 F.2d 645, 650 (2d Cir. 1990).

In this case, however, there is no such lack of clarity. As defendant has conceded, the overwhelming weight of authority has consistently held that material relating to the payment of legal fees is non-privileged. See, e.g., Lefcourt v. United States, 125 F.3d 79, 86 (2d Cir. 1997); In re Grand Jury Subpoena Served upon Doe, 781 F.2d 238, 247 (2d Cir. 1986). While the Court recognizes that defendant's benefactors would undoubtedly prefer to maintain their anonymity, it

3

is not this Court's duty to afford this protection in the face of an apparently legitimate grand jury inquiry.

Accordingly, the Court denies defendant's request that it review the subpoenaed materials *in camera*.


C.   **Curcio Hearing**

Finally, defendant's counsel consents to—and seems to suggest the appropriateness of—a hearing pursuant to United States v. Curcio, 680 F.2d 881 (2d Cir. 1982). The government agrees. Accordingly, the Court will initiate a Curcio inquiry at the next conference of the parties, and, if appropriate, appoint Curcio counsel to advise defendant. It is the Court's understanding that defendant is currently confined to a medical unit due to illness, and may continue his confinement for a period of several more weeks. If defendant is unable to attend the next conference, the Curcio inquiry will be initiated at the first conference at which defendant is present.

## CONCLUSION

Defendant has failed to show that there is no reasonable possibility that the subpoenaed materials are relevant to the grand jury's investigation. Therefore, the Court denies defendant's motion to quash.

SO ORDERED.

Dated: Brooklyn, New York
September /c , 2008

s/ Judge Raymond J. Dearie

------
RAYMOND J. DEARIE
United States District Judge